# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RETZLAFF GRAIN COMPANY, INC.,** | |
| **Plaintiff,** | **8:20CV289** |
| **vs.** | |
| **JORDAN EGGLI, CHAD NEEDHAM,** | **ORDER** |
| **CRYSTAL KONECKY, ROBB KIGER,** | |
| **and NORAG LLC,** | |
| **Defendants.** | |

This matter is before the Court following a telephone conference held with counsel for the parties on January 24, 2023. Defendants requested that the Court order Plaintiff to identify the confidential information and trade secrets that it asserts Defendants improperly retained and utilized with more specificity. The parties' arguments and documents submitted to the Court in advance of the conference are attached to this Order. After review of the parties' submissions and after hearing arguments from counsel, the Court overruled Defendants' request on the record and found Plaintiff's answers to the disputed interrogatories was sufficient under Federal Rule of Civil Procedure 33(d).

**IT IS SO ORDERED.**

Dated this 24th day of January, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

RETZLAFF GRAIN COMPANY, INC. )
D/B/A RFG LOGISTICS, INC. )    Case No. 8:20-cv-00289-RFR-MDN
    )
    Plaintiff, )
    )
vs. )
    )
JORDAN EGGLI, et al., )
    )
    Defendants. )

## DEFENDANTS' POSITION STATEMENT REGARDING INSUFFICIENT IDENTFICATION OF CONFIDENTIAL INFORMATION AND TRADE SECRETS

Plaintiff Retzlaff Grain Company, Inc. ("RFG") brought this action against four of its former employees (Eggli, Needham, Konecky, and Kiger) and NORAG, LLC ("NORAG"), which is the company that now employs them. *See generally*, Doc. #89 Second Amended Complaint. The crux of Plaintiff's claims is that the individual Defendants retained and utilized Plaintiff's confidential information and trade secrets to the benefit of Defendant NORAG. *Id.*

Defendants issued interrogatories to Plaintiff which asked Plaintiff to identify the confidential information and trade secrets that Plaintiff asserts Needham, Eggli, Kiger, and Konecky retained and utilized in order to solicit customers and employees away from RFG or that benefitted NORAG. Plaintiff's response regarding Kiger and Konecky is attached here as Exhibit 1. It largely parrots the allegations in the Second Amended Complaint. Plaintiff's response regarding Eggli and Needham is attached as Exhibit 2. It provides a few "categories" and states, "specific identification of trade secrets misappropriated from the above-mentioned categories are provided pursuant to Federal Rule of Civil Procedure 33(d), by reviewing documents produced by Plaintiff from which this answer can be ascertained . . . [t]hese documents will be produced on a rolling basis."

Plaintiff has now produced 49,624 documents totaling 139,487 pages, or even more pages if excel spreadsheets are counted as more than one page.[1] When receiving the bulk of the production, counsel for Defendants reviewed a sample and could not decipher any relevance or responsiveness for documents produced. Correspondence regarding defense counsel's attempts to reconcile this issue is attached as Exhibit 3. Plaintiff's counsel has now provided a spreadsheet identifying what request for production the documents are responsive to which does not appear to resolve any issue pertaining to the identification of confidential information or trade secrets.

Given the breadth of the production, the interrogatory responses require more specificity. *See e.g., Bancorp Servs., L.L.C. v. Hartford Life Ins. Co*., 2002 WL 32727076, at *3 (E.D. Mo. Feb. 25, 2002). (A party cannot rest on document dumps with corresponding discovery responses that simply "describe[ ] the documents that they contend contain trade secret information." This is especially true when "it is evident that the documents . . . do not all contain trade secret information."); *Porous Media Corp. v. Midland Brake Inc*., 187 F.R.D. 598, 600 (D. Minn. 1999) ("Ordering the listing of trade secrets at the outset of the litigation is a common requirement. Failure to identify the trade secrets with sufficient specificity renders the Court powerless to enforce any trade secret claim.").

Counsel for Defendants requested that Plaintiff supplement its interrogatory responses to identify by bates number, or information within the document where necessary, the Confidential Information or trade secrets it asserts Defendants improperly retained and utilized. Plaintiff maintains that no supplementation is warranted.

---

[1] Over 98% of the documents were produced over two years after the initial discovery responses were served, in the Fall of 2022.

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RETZLAFF GRAIN COMPANY, INC. d/b/a RFG LOGISTICS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>NORAG, LLC, et al.,<br><br>Defendants. | Case No. 8:20-cv-00289-LSC-MDN<br><br>**PLAINTIFF'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANTS' SECOND INTERROGATORIES TO PLAINTIFF** |

TO:    Defendants Jordan Eggli, Chad Needham, Crystal Konecky, Robb Kiger, and NORAG, LLC, by and through their counsel of record.

Plaintiff Retzlaff Grain Company, Inc. d/b/a RFG Logistics, Inc. ("RFG" or "Plaintiff"), by and through its attorneys, hereby serves its supplemental written responses to Defendants Jordan Eggli ("Eggli"), Chad Needham ("Needham"), Crystal Konecky ("Konecky"), Robb Kiger ("Kiger"), and NORAG, LLC ("NORAG") (jointly "Defendants") Second Interrogatories to Plaintiff pursuant to Fed. R. Civ. P. 33 and the Court's Order [Doc. #129] dated September 2, 2022.  Discovery is ongoing and Plaintiff reserves the right to supplement or amend these answers.

## GENERAL OBJECTIONS

1.    Plaintiff generally objects to all Interrogatories referring to the "Amended Complaint" to the extent such references refer to the First Amended Complaint on the grounds that that the First Amended Complaint has been superseded by the Second Amended Complaint.  The First Amended Complaint and the allegations set forth therein are a nullity and Interrogatories directed to the First Amended Complaint are therefore not reasonably calculated to lead to the

discovery of admissible evidence nor proportional to the needs of the case.  All answers set forth herein are made without reference to the First Amended Complaint.

2.      Plaintiff objects to the Interrogatories to the extent they seek information and documents that are protected from disclosure by the attorney-client privilege or other applicable legal privileges.  Privileged information will not be disclosed.  In the event any attorney-client privileged communication or document is disclosed, such disclosure or production is purely inadvertent and not a knowing or intentional waiver of the attorney-client privilege and shall not be deemed to be a waiver.

3.      Plaintiff objects to the Interrogatories to the extent they seek information or documents prepared in anticipation of litigation or for trial by Plaintiff or their representatives, and that contain the work product, mental impressions, conclusions, opinions, or legal theories of Plaintiff's legal counsel or other representatives. Such information will not be disclosed or produced. In the event any information or document protected by the work product doctrine is disclosed or produced, such disclosure or production is purely inadvertent and not a knowing or intentional waiver of such privilege and shall not be deemed to be a waiver.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**<u>INTERROGATORIES</u>**

**INTERROGATORY NO. 1:**  Identify the person(s) providing information or answers to these interrogatories. If there are multiple individuals then, for each person identified, please specify which interrogatories that person provided information for or helped in answering.

**SUPPLEMENTAL ANSWER:**  Bryce Wells, Tom Danner, Tim Sayers and Meric Reese provided information responsive to these interrogatories.

**INTERROGATORY NO. 2:**   For Konecky and Kiger respectively, identify each contractual provision that you claim they breached.

**SUPLEMENTAL ANSWER:**   Konecky and Kiger each breached sections 1 & 2 of their respective Confidentiality and Non-Solicitation Agreements.   Konecky and Kiger each breached their agreement to be bound by and follow the Employee Handbook.

**INTERROGATORY NO. 3:**   Do you assert that Kiger utilized RFG's Confidential Information, and trade secrets for NORAG to acquire M7 Logistics, Inc. and, if so, please identify the principal and material facts in support of that assertion.

**SUPPLEMENTAL ANSWER:**   It is unknown at this time whether and to what extent Kiger conspired with, or aided and abetted, other Defendants regarding the M7 Logistics, Inc. acquisition.   Discovery is ongoing and Plaintiff reserves the right to supplement or amend this answer.

**INTERROGATORY NO. 4:**   Identify the Confidential Information, as defined in Paragraph 75 of your Amended Complaint, and trade secrets that you assert Kiger retained and utilized in order to solicit Customers and employees away from RFG or that benefitted NORAG.

**SUPPLEMENTAL ANSWER:**   Plaintiff objects on the grounds that that the First Amended Complaint has been superseded and this Interrogatory is therefore not reasonably calculated to lead to the discovery of admissible evidence nor proportional to the needs of the case. Without waiving the foregoing objections and without regard to the allegations of the First Amended Complaint, Plaintiff states that during the period Kiger was employed by RFG, Kiger was given access to confidential business information belonging to RFG relating to its business

practices, processes and customers, including but not limited to the following: customer information, historical customer business activity, pricing, margins, load lists, lane information, lane rates, lane customers, lane volumes, carrier contacts, carrier rates, phone lists, business plans, RFG performance data, RFG financial information, FRG strategy reports, RFG customer reports, RFG operatives reports, RFG activity reports, pricing data, pricing methods, operational plans and strategies, RFG producer revenues, RFG producer margins, RFG producer accounts, RFG producer relationships (hereinafter "RFG Confidential Information and Trade Secrets").  Following his separation from RFG, Kiger has and continues to use RFG Confidential Information and Trade Secrets for his benefit and for the benefit of NORAG.

**INTERROGATORY NO. 5:**  Identify the Confidential Information, as defined in Paragraph 71 of your Complaint, and trade secrets that you assert Konecky retained and utilized in order to solicit Customers and employees away from RFG or that benefitted NORAG.

**SUPPLEMENTAL ANSWER:**  Plaintiff further objects on the grounds that that the First Amended Complaint has been superseded and this Interrogatory is therefore not reasonably calculated to lead to the discovery of admissible evidence nor proportional to the needs of the case. Without waiving the foregoing objections and without regard to the allegations of the First Amended Complaint, Plaintiff states during the period Konecky was employed by RFG, Konecky was given access to hereinafter "RFG Confidential Information and Trade Secrets" and has utilized and continues to utilize RFG Confidential Information and Trade Secrets for her benefit and for the benefit of NORAG following her separation from RFG.  Additionally, Konecky retained access to and utilized a Google Drive containing RFG Confidential Information and Trade Secrets belonging to RFG after her separation from RFG.

**INTERROGATORY NO. 6:** By name(s), identify the customer(s) and employee(s) that Kiger has attempted to solicit, divert, or take away from RFG and the date(s) upon which the alleged solicitation or diversion occurred.

**SUPPLEMENTAL ANSWER:** Upon information and belief, Kiger has and continued to solicit or attempt to solicit RFG customers, including but not limited to, Nestle, Advanced Marketing Group, Church & Dwight, Pilgrim's Pride, Summit Procurement, Sunfair Marketing, Bowman Andros Products, ACJ International, US Silica Company, and Wilber Ellis Company, Upon information and belief, Kiger has assisted other Defendants solicit business from RFG customers including Land-O-Lakes, Cargill Rendering, Cargill Feed & Nutrition, Gavilon, MARS Pet Raw, Envirotech Services, Inc., Hereford Feed Ingredients, Nestle Purina Petcare, Darling Ingredients, Tyson Foods, Ardent Mills, Lamb Weston. Additionally, Kiger assisted other Defendants solicit business from RFG carriers, including but not limited to: Taylor Transport, Triple V Trucking, Jag Trucking, Pool Dog Trucking, CPC Commodities, Double T Trading, Double W Enterprise, Drew Ag Transport, Furnas County Freight Haulers, JL Foster, McClure Trucking, Meadow Farms Trucking, Richards Transport, Schaller Trucking, Scheiderer Transport, Schnepf Trucking, South Plains Logistics, Southland Transport Service, Specialized Commodity Freight Brokers, TD Walker, Sun Valley, JRT Trucking, and Hornbeck Transport LLC. The specific dates of such solicitations is not presently known to Plaintiff but discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 7:**  Identify the RFG employees that conducted business with any of the clients identified on the ten applicable clients or customers list provided to Kiger from July 12, 2018 to the present.

**SUPPLEMENTAL ANSWER:**

Church & Dwight – Brent West, Jennifer Amos, Jim Gillmore, Matthew Briscoe, Meric Reese, Mindy Groves, Mai Le

Advance Marketing Group – Drew Waggoner, Erin Staton, Matthew Briscoe, Meric Reese, Michael Burrus, and Mindy Groves, Mai Le

Wilbur Ellis Company – Anthony Coloff, Brent West, Drew Waggoner, Erin Staton, Jeff Bradley, Jim Gillmore, Jordan Eggli, Kevin Dausel, Michael Burrus, Mitchell Snyder, and Shawn Rhoades, Mai Le

Pilgrims Pride – Mt Pleasant – Antonio Rios, Jennifer Amos, Matthew Briscoe, Michael Burrus, Mindy Groves, Todd Groves, Tom Danner and Wes Dammann, Mai Le

Pilgrim's Pride – Greeley – Antonio Rios, Brent West, Chris Blegen, Drew Waggoner, Erin Staton, Jennifer Amos, Jim Gillmore, Michael Burrus, Michelle Reiling, Mindy Groves, Nick Van Soelen, and Shawn Rhoades, Mai Le

Summit Procurement – Antonio Rios, Brent West, and Mindy Groves

Sunfair Marketing – Brent West, Mindy Groves, and Todd Groves

ACJ International – Mai Le


**INTERROGATORY NO. 8:**  Identify the existing and prospective business relationships that you assert Kiger, Konecky, or NORAG have intentionally and unjustifiably interfered with.

**SUPPLEMENTAL ANSWER:**  Nestle, Advanced Marketing Group, Church & Dwight, Pilgrim, Gavilon, Land-O-Lakes, Cargill Rendering, Cargill Feed & Nutrition, MARS Pet Raw, Envirotech Services, Inc., Hereford Feed Ingredients, Nestle Purina Petcare, Darling Ingredients, Tyson Foods, Ardent Mills, Lamb Weston, Summit Procurement, Sunfair Marketing, Bowman Andros Products, ACJ International, US Silica, Taylor Transport, Triple V Trucking, Jag

Trucking, Pool Dog Trucking, CPC Commodities, Double T Trading, Double W Enterprise, Drew Ag Transport, Furnas County Freight Haulers, JL Foster, McClure Trucking, Meadow Farms Trucking, Richards Transport, Schaller Trucking, Scheiderer Transport, Schnepf Trucking, South Plains Logistics, Southland Transport Service, Specialized Commodity Freight Brokers, TD Walker, Sun Valley, JRT Trucking, Hornbeck Transport LLC.

**INTERROGATORY NO. 9:**  State the principal and material facts in support of your claim that Kiger or Konecky have used RFG's "Confidential Information and trade secrets to solicit business, bookings, employees, and have utilized detailed customer information to benefit NORAG," as set forth in paragraph 116 of your Amended Complaint.

**SUPPLEMENTAL ANSWER:**  Plaintiff objects on the grounds that the First Amended Complaint has been superseded and this Interrogatory is therefore not reasonably calculated to lead to the discovery of admissible evidence nor proportional to the needs of the case.  Without waiving the foregoing objections, and without reference to allegations of the First Amended Complaint, Plaintiff states RFG experienced a decline in customer business and carrier loads for those customers and carriers listed in response to Interrogatory No. 8.  Email correspondence and instant messages produced in this litigation has confirmed that Kiger, Konecky and the other Defendants have and continue to utilize RFG Confidential Information and Trade Secrets to unfairly compete against RFG.

**INTERROGATORY NO. 10:**  State the principal and material facts in support of your claim that "NORAG has failed to monitor Defendant Needham, Eggli and Kiger's

communication with the customers listed on their Notices, allowing them each to violate their Agreements," as set forth in paragraph 81 of your Amended Complaint.

**SUPPLEMENTAL ANSWER:** See Answer to Interrogatory No. 9. NORAG knew or should have known of the confidentiality restrictions limiting the activities of the Defendants, but failed to put effective measure in place to ensure compliance with those restrictions and/or prevent violation of those restrictions.

**INTERROGATORY NO. 11:** State the principal and material facts in support of your claim that "NORAG knew or should have known they improperly acquired the Google Drive from Defendant Konecky," as set forth in paragraph 79 of your Amended Complaint.

**SUPPLEMENTAL ANSWER:** See Answers to Interrogatory Nos. 5 & 9. NORAG failed to inquire or identify that Konecky retained access to a Google Drive containing RFG Confidential Information and Trade Secrets and failed to implement adequate restrictions barring the use of any RFG Confidential Information and Trade Secrets obtained from the Google Drive.

**INTERROGATORY NO. 12:** State the principal and material facts in support of your claim that Kiger, Konecky, and NORAG have tortiously interfered with your business relationships and expectancies.

**SUPPLEMENTAL ANSWER:** Kiger tortiously interfered with RFG's business relationships and expectancies by soliciting customers in violation of his Confidentiality and Non-Solicitation Agreement. Kiger, Konecky and NORAG tortiously interfered with RFG's business relationships and expectancies by assisting the Defendants to solicit customers in violation of Non-Solicitation Agreements. Kiger, Konecky and NORAG interfered with RFG's business

relationships and expectancies by utilizing RFG Confidential Information and Trade Secrets identified in Answers to Interrogatories Nos. 4 & 5.

**INTERROGATORY NO. 13:**  Identify each overt act that you claim Kiger, Konecky, or NORAG committed in furtherance of the alleged civil conspiracy set forth in Count VIII of your Complaint.

**SUPPLEMENTAL ANSWER:**  Plaintiff objects to this Interrogatory on the grounds that the First Amended Complaint has been superseded and this Interrogatory is therefore not reasonably calculated to lead to the discovery of admissible evidence nor proportional to the needs of the case. Without waiving the foregoing objections and without regard to the allegations of the First Amended Complaint, Plaintiff incorporates its Answer to Interrogatory No. 12.

**INTERROGATORY NO. 14:**  Identify each client/customer who you claim to have lost as a result of Kiger, Konecky, or NORAG's alleged solicitation and/or competition and, for each identified client/customer, set forth the amount of financial loss you allege that you have sustained.

**SUPPLEMENTAL ANSWER:**  Plaintiff has not transacted any business with US Silica, Bowman Andros Products, ACJ International since Kiger departed.  Additionally, RFG has lost revenue as a result of Defendants' conduct from the clients/customers listed in Answer to Interrogatory No. 8 above which continue to accrue.  RFG has separately disclosed documents listing revenue for those clients/customers.

**INTERROGATORY NO. 15:** Identify all damages which you allege that you have sustained as a consequence of Konecky, Kiger, and NORAG's acts or omissions, to the extent that these damages differ from those asserted exclusively against Neehdam and Eggli and already set forth in your response to Defendants' First Interrogatories.

**SUPPLEMENTAL ANSWER:** Discovery is ongoing and the full extent of damages Plaintiff has sustained as a result of Defendants' conduct has not yet been fully ascertained or determined by Plaintiff. Plaintiff will supplement its answer to this Interrogatory.

**INTERROGATORY NO. 16:** Identify all communications which you have had with any of the clients that Kiger serviced while in your employ from the date of his departure to the date of your response that concern Kiger.

**SUPPLEMENTAL ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and disproportional to the needs of the case. Plaintiff communicates with customers and clients previously serviced by Kiger on a regular basis. RFG has separately produced all email communications with clients concerning Kiger.

**INTERROGATORY NO. 17:** Identify all acts which you allege in your Complaint to have been committed by Kiger and Konecky which you claim constitute breaches of loyalty.

**SUPPLEMENTAL ANSWER:** Upon information and belief, Kiger and Konecky planned and conspired to transfer business, customer relationships and carrier relationships to NORAG while still employed by RFG; communicated with customers regarding their plans to move to NORAG; and misappropriated RFG Confidential Information and Trade Secrets while still employed by RFG. Additionally, Kiger breached his duty of loyalty by intentionally reducing

his productivity in the weeks leading up to his departure and Konecky breached her duty of loyalty by retaining access to the Google Drive upon her departure.

      **INTERROGATORY NO. 18:**  Identify all trade secret documents that you claim Kiger and Konecky misappropriated.

      **SUPPLEMENTAL ANSWER:**  See Answers to Interrogatory Nos. 4, 5 & 12.  Kiger and Konecky have utilized RFG Confidential Information and Trade Secrets, including but not limited to, customer lists, spreadsheets, historical load information, and information contained on the Google Drive

      DATED this 30th day of September, 2022.

RETZLAFF GRAIN COMPANY, INC.
D/B/A  RFG LOGISTICS, INC, Plaintiff

By:  */s/ Michael S. Degan*
      Michael S. Degan, (#20372)
      Kutak Rock LLP
      The Omaha Building
      1650 Farnam Street
      Omaha, NE  68102-2186
      (402) 346-6000
      mike.degan@kutakrock.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on Defendants via e-mail transmission this 30th day of September, 2021, addressed to its attorneys as follows:

Joshua C. Dickinson
Shilee T. Mullin
Madison A. Perry
jdickinson@spencerfane.com
smullin@spencerfane.com
mperry@spencerfane.com

*/s/ Michael S. Degan*
Michael S. Degan

## **VERIFICATION**

The Undersigned hereby declares under penalty of perjury that the information set forth in these Supplemental Answers are true and accurate to the best of his/her personal knowledge and belief.

_____
Signature

Name: _Tom DANNER_____

Title: _VP Operations_____

Date: _9-30-22_____

EXHIBIT 2

**ATTORNEYS' EYES ONLY:  SUBJECT TO PROTECTIVE ORDER**

**EXHIBIT "A" TO PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

**Plaintiff reserves the right to supplement this Exhibit "A"**

Answer to Interrogatory No. 4

Plaintiff contends that Needham has engaged in a pattern of behavior, with the assistance and cooperation of Eggli, to obtain Confidential Information and trade secrets since July of 2018 through the date of Eggli's resignation on February 21, 2020.

Plaintiff contends that Needham misappropriated the following categories of information that are more specifically identified in a collection of spreadsheet documentation obtained through the electronic operating system utilized by RFG and Needham during the course of his employment:

1. Customer daily, monthly and annual freight service needs.
2. Typical length of customer hauls on a daily, monthly and annual basis.
3. Compiled, fluctuating market trends associated with customer hauls and market need for particular products.
4. Profit margin per load booked by Needham, Eggli and all other RFG employees who document every load transaction within the Strategy electronic operating system.
5. Lane data and geographical needs for each customer that is identified within the Strategy electronic operating system.

The specific identification of trade secrets misappropriated from the above-mentioned categories are provided pursuant to Federal Rule of Civil Procedure 33(d), by reviewing documents produced by Plaintiff from which this answer can be ascertained, and being located within the spreadsheets identified above and regular RFG business documentation maintained by employees on the Box and Google Drive accounts which both Needham and Eggli had access to, as well as by review of text message records between Needham and Michael Barrus, a current RFG employee, and by review of Trillian chat history records. These documents will be produced on a rolling basis.

Needham has continued to solicit confidential customer and carrier contact information from current RFG employees since his departure.  Needham has utilized the trade secret rate, profit margin information related to customers, as well as load list, carrier contact and customer contact information since the date of his termination.

Plaintiff further contends Needham misappropriated information contained within Google Drive account records that were created during Needham's employment at RFG which he had access to. Specifically, Plaintiff contends Needham unlawfully acquired separate detailed lists of carrier contacts based on the origin cities of Winston Salem, NC, Schaller, IA, Moss Point, MS, Lawrenceburg, IN, Carthage, MO, Carlsbad, NM, Adairville, KY.   Plaintiff further contends Needham misappropriated the load list unlawfully misappropriated by Eggli.

Plaintiff further contends Needham has utilized trade secret employee information, including, but not limited to, margin information by employee, employee compensation and commission pay out structure and knowledge of RFG's benefits package since the date of his termination. Specific documentation of these trade secrets will be produced on a rolling basis and is incorporated by reference herein pursuant to Federal Rule of Civil Procedure 33(d). Specifically, this information is found within the Google Drive Manager folder identified by RFG to be produced, in addition to the compilation of margin information per load booked by employees identified within the Strategy operating system spreadsheets further explained above.

Answer to Interrogatory No. 5

Plaintiff contends that Eggli has engaged in a pattern of behavior, with the assistance and cooperation of Needham, to obtain Confidential Information and trade secrets since July of 2018 through the date of Eggli's resignation on February 21, 2020.

Plaintiff contends that Eggli misappropriated the entirety of his load list and telephone contacts that contained a compilation of proprietary carrier and customer contact information belonging solely to RFG.

In addition, Plaintiff contends that Eggli misappropriated the following categories of information that are more specifically identified in a collection of spreadsheet documentation obtained through the electronic operating system utilized by RFG and Eggli during the course of his employment:

1. Customer daily, monthly and annual freight service needs.
2. Typical length of customer hauls on a daily, monthly and annual basis.
3. Compiled, fluctuating market trends associated with customer hauls and market need for particular products.
4. Profit margin per load booked by Needham, Eggli and all other RFG employees who document every load transaction within the Strategy electronic operating system.
5. Lane data and geographical needs for each customer that is identified within the Strategy electronic operating system.

The specific identification of trade secrets misappropriated from the above-mentioned categories are provided pursuant to Federal Rule of Civil Procedure 33(d), by reviewing documents produced by Plaintiff from which this answer can be ascertained, and being located within the spreadsheets identified above and regular RFG business documentation maintained by employees on the Box and Google Drive accounts which Eggli had access to, as well as by review of Trillian instant messenger chat histories. These documents will be produced on a rolling basis.

Eggli has continued to solicit confidential customer and carrier contact information from current RFG employees since his departure, in addition to attempt to solicit trade secret rate information for specific RFG customers. Eggli has utilized the trade secret rate, profit margin information related to customers, as well as load list, carrier contact and customer contact information since the date of his termination.

Plaintiff further contends Eggli misappropriated information contained within Google Drive account records that were created during Needham's employment at RFG.  Specifically, Plaintiff contends Eggli unlawfully acquired separate detailed lists of carrier contacts based on the origin cities of Winston Salem, NC, Schaller, IA, Moss Point, MS, Lawrenceburg, IN, Carthage, MO, Carlsbad, NM, Adairville, KY.

Plaintiff further contends Eggli has misappropriated the employee compensation and commission structure, as well as timing of pay history, in an attempt to solicit RFG employees.  This specific information is documented within the Trillian chat histories to be produced on a rolling basis.

EXHIBIT 3

## Heiserman, Judy

| | |
|---|---|
| **From:** | Perry, Madison |
| **Sent:** | Tuesday, November 29, 2022 3:40 PM |
| **To:** | Degan, Michael S. |
| **Cc:** | Dickinson, Josh; Heiserman, Judy |
| **Subject:** | RE: RFG/NORAG - Motion for Extension |
| **Attachments:** | RFG0034990.pdf |

Mike,

As detailed below, we have remaining issues with the recent production and the supplemental responses. Therefore, we need to seek an extension of time with respect to the motion to compel deadline. Please let us know if you can agree to an extension until 1.16.23.  Let us know if there are any outstanding issues on your end, and we can make it a joint request if needed.

We had a chance to review the supplemental discovery responses in conjunction with some of the document production. Based on my sampling review, the responses do not appear to correlate with the document production, and in many cases, for example the supplemental response to request 4 (which identifies 39,817 documents) identify wide ranges of documents. For convenience, below I've identified the request and a sampling of documents that are identified in the supplemental responses as responsive to that request. However, upon review of the documents, they do not appear to be responsive to those requests. The list below is not exhaustive because it did not make sense to continue to review documents that were not responsive.

In addition, the supplemental responses indicated documents were being produced contemporaneously with them. We did not receive any contemporaneous document production.

Finally, as mentioned during our last call, the Microsoft teams chats do not show up in reviewable format. I've attached the example again.

Please let us know when you are available to discuss.

> **REQUEST NO. 3:**   Documents, e-mails, or other communications (or records of communications) between Plaintiff and any of the clients identified on the ten applicable clients or customers list provided to Kiger from July 18, 2018 to the present that concern either Defendant.
>
>> RFG0008037
>> RFG0008041
>> RFG0008044
>> RFG0008047
>> RFG0008050
>> RFG0013949
>> RFG0013952
>> RFG0013953
>> RFG0013956
>> RFG0013957

1

**REQUEST NO. 4:**  Documents, e-mails, or other communications between Plaintiff and

any of its current or former employees relating to Kiger or Konecky's contact of RFG employees,

solicitation of RFG employees, or alleged use of protected information for trade purposes.

      RFG0010996
      RFG0010998
      RFG0011001
      RFG0011002
      RFG0011003
      RFG0011004
      RFG0118043

**REQUEST NO. 5:**  Documents, e-mails, or other communications between Plaintiff and

any of its current or former employees relating to Konecky, Kiger, and NORAG's alleged

misappropriation of trade secrets or Confidential Information, as defined in Paragraph 23 of your

Amended Complaint.

      RFG0118062
      RFG0118064
      RFG0118067
      RFG0118072
      RFG0118082
      RFG0118089
      RFG0118096
      RFG0118099

**REQUEST NO. 7:**  All non-privileged e-mails, communications, and documents from or

to Plaintiff discussing or relating in any way to the departure of Kiger. This request is limited to

the following time frame: August 29, 2019, to the present.

      RFG0137645
      RFG0137761
      RFG0137764
      RFG0137770
      RFG0137772

**REQUEST NO. 8:**  All non-privileged e-mails, communications, and documents from or

to Plaintiff discussing or relating in any way to the departure of Konecky. This request is limited

to the following time frame: July 6, 2018, to the present.

      RFG0138173
      RFG0138176
      RFG0138178
      RFG0138179
      RFG0138181

**Madison Perry**  Attorney at Law
Spencer Fane LLP

1000 Walnut, Suite 1400 | Kansas City, MO 64106
**O** 816.292.8814
mperry@spencerfane.com | spencerfane.com

---

**From:** Degan, Michael S. <Michael.Degan@KutakRock.com>
**Sent:** Thursday, November 17, 2022 10:21 AM
**To:** Perry, Madison <mperry@spencerfane.com>
**Cc:** Dickinson, Josh <jdickinson@spencerfane.com>; Heiserman, Judy <JHeiserman@spencerfane.com>
**Subject:** [EXTERNAL] RE: RFG/NORAG - Motion for Extension

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

Madison—Sara my paralegal is out today with a sick kid, so will need another day on this.  Mike

**Michael S. Degan** | Omaha
**D** 402.661.8635 | **O** 402.346.6000 | **M** 402.598.3113

KUTAKROCK

---

**From:** Degan, Michael S.
**Sent:** Wednesday, November 16, 2022 2:52 PM
**To:** Perry, Madison <mperry@spencerfane.com>
**Cc:** Dickinson, Josh <jdickinson@spencerfane.com>; Heiserman, Judy <JHeiserman@spencerfane.com>
**Subject:** RE: RFG/NORAG - Motion for Extension

Madison:

We will be serving supplemental responses to your second set of requests for production to clarify the last production and should have them to you by end of day tomorrow.  Mike

**Michael S. Degan** | Omaha
**D** 402.661.8635 | **O** 402.346.6000 | **M** 402.598.3113

KUTAKROCK

---

**From:** Perry, Madison <mperry@spencerfane.com>
**Sent:** Tuesday, November 15, 2022 2:24 PM
**To:** Degan, Michael S. <Michael.Degan@KutakRock.com>
**Cc:** Dickinson, Josh <jdickinson@spencerfane.com>; Heiserman, Judy <JHeiserman@spencerfane.com>
**Subject:** RE: RFG/NORAG - Motion for Extension

**[ CAUTION - EXTERNAL SENDER ]**

Mike,

Following up to see if you were able to drill down on these outstanding items.

Thanks.

**Madison Perry**  Attorney at Law
Spencer Fane LLP

_____

1000 Walnut, Suite 1400 | Kansas City, MO 64106
**O** 816.292.8814
mperry@spencerfane.com | spencerfane.com

---

**From:** Perry, Madison
**Sent:** Friday, November 11, 2022 1:48 PM
**To:** Degan, Michael S. <Michael.Degan@KutakRock.com>
**Cc:** Dickinson, Josh <jdickinson@spencerfane.com>; Heiserman, Judy <JHeiserman@spencerfane.com>
**Subject:** RE: RFG/NORAG - Motion for Extension

Mike,

Following up on this, I spoke with our person who handles the productions. At a high level, the documents were not produced in subfolders sorted by request number. We can see a metadata field in the background that indicates a folder path for the documents, however, that is not readily accessible and cannot be used to sort the documents.

However, of note, I'm told that the folder paths indicate that the documents are only in response to requests for production 4, 5, 7, and 8. If the documents only respond to those four requests, we will need to have a broader conversation. But please drill down on your end and let us know what you find out about the production, which requests it responds to, and how they can be produced in an organized or identifiable manner.

Thank you,
Madison

**Madison Perry**  Attorney at Law
Spencer Fane LLP

_____

1000 Walnut, Suite 1400 | Kansas City, MO 64106
**O** 816.292.8814
mperry@spencerfane.com | spencerfane.com

---

**From:** Perry, Madison
**Sent:** Friday, November 11, 2022 12:53 PM
**To:** Degan, Michael S. <Michael.Degan@KutakRock.com>
**Cc:** Dickinson, Josh <jdickinson@spencerfane.com>; Heiserman, Judy <JHeiserman@spencerfane.com>
**Subject:** RE: RFG/NORAG - Motion for Extension

Mike,

Thanks for your time on the call today. We will look back on our end to see if we are able to see the folders you produced that are supposed to identify documents responsive by request. As mentioned, our team usually carries over any folder structure when loading documents for review, so my guess is that there wasn't any delineation in the production we received, but we'll let you know.

You were going to follow up on your end for bates ranges and possible search terms to assist in organizing the production. You were also going to follow up on possible tech issues with the Microsoft team messages, for example, RFG34990.

We will also look at availability to meet before the court conference to discuss case status and proposed schedule.

Thanks,
Madison

**Madison Perry**  Attorney at Law
Spencer Fane LLP

_____

1000 Walnut, Suite 1400 | Kansas City, MO 64106
**O** 816.292.8814
mperry@spencerfane.com | spencerfane.com

---

**From:** Perry, Madison
**Sent:** Monday, October 31, 2022 11:34 AM
**To:** Degan, Michael S. <Michael.Degan@KutakRock.com>
**Cc:** Dickinson, Josh <jdickinson@spencerfane.com>; Heiserman, Judy <JHeiserman@spencerfane.com>
**Subject:** RFG/NORAG - Motion for Extension

Mike,

We are in the process of reviewing the latest round of Plaintiff's discovery responses and production. Given the volume, we need to seek an extension of time with respect to the motion to compel deadline. Please let us know if you can agree to a 30 day extension, until 12.1. Let us know if there are any outstanding issues on your end, and we can make it a joint request if needed.

Along those lines, Plaintiff's last production consisted of almost 50,000 documents. Many appear to be completely irrelevant, and we cannot discern any responsiveness. I've attached some miscellaneous examples. We are requesting that you identify which documents are responsive/relevant to which requests and/or claims.

If a discussion would be helpful, we will make ourselves available.

Thank you,
Madison

**Madison Perry**  Attorney at Law
Spencer Fane LLP

_____

1000 Walnut, Suite 1400 | Kansas City, MO 64106
**O** 816.292.8814
mperry@spencerfane.com | spencerfane.com

---

This E-mail message is confidential, is intended only for the named recipients above and may contain information that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error,

please notify the sender at 402-346-6000 and delete this E-mail message.
Thank you.

| | |
|---|---|
| Name: | 2020-08-06T14:50:16.779Z - 2020-08-06T14:50:16.779Z: 3 participants |
| MIME Type: | Microsoft Teams Chat Conversation |
| | |
| Communication | {bwells@rfglogistics.com,jodym@rfglogistics.com,laurenw@rfglogistics.com} |
| First Communic | 2020-08-06T14:50:16.779Z |
| Last Communic | 2020-08-06T14:50:16.779Z |
| Number of Com | 1 |

CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RETZLAFF GRAIN COMPANY, INC. d/b/a RFG LOGISTICS, INC. | Case No. 8:20-cv-00289-LSC-MDN |
| Plaintiff, | |
| vs. | **PLAINTIFF'S POSITION STATEMENT REGARDING IDENTIFICATION OF CONFIDENTIAL INFORMATION AND TRADE SECRETS** |
| NORAG, LLC, et al., | |
| Defendants. | |

Plaintiff Retzlaff Grain Company, Inc. d/b/a RFG Logistics, Inc. ("RFG"), by and through its attorney, hereby responds to the Position Statement submitted on behalf of the Defendants Jordan Eggli ("Eggli"), Chad Needham ("Needham"), Crystal Konecky ("Konecky"), Robb Kiger ("Kiger"), and NORAG, LLC ("NORAG") (jointly "Defendants"), contending that RFG's Supplemental Responses to Defendants' Second Set of Interrogatories are Insufficient by stating the following:

Defendants served its First Set of Interrogatories on RFG, which were timely answered by RFG on August 18, 2020. Therein, Interrogatories Nos. 4 & 5 asked Defendants to identify the trade secrets alleged in the Complaint. RFG's answer referenced Exhibit A which was attached to RFG's interrogatory answers and copy of which is attached to Defendants' Position Statement as Exhibit 2. Therein, RFG provided a three-page description of the information RFG deemed to be trade secret. Thereafter, on October 9, 2020, RFG supplemented its answers by further answering Interrogatories Nos. 4 & 5. See RFG Exhibit 1. At no time has Defendants objected to the sufficiency of RFG's answers to Defendants First Set of Interrogatories.

1

Defendants later served a Second Set of Interrogatories directed at defendants Konecky and Kiger.  Defendants' Second Set of Interrogatories contained Interrogatories Nos. 4 & 5 which again asked RFG to identify the trade secrets alleged in the Complaint.  Interrogatories Nos. 4 & 5 contained in the Second Set of Interrogatories are substantively identical to Interrogatories Nos. 4 & 5 in Defendants First Set of Interrogatories.  RFG served written answers on March 29, 2021 and objected to Requests Nos. 4 & 5 on the grounds that the interrogatories were duplicative and that Defendants had exceeded the numerical interrogatory limit set forth in the Progression Order.

On August 31, 2022, the parties each submitted a discovery dispute matrix to the Court addressing a number of disputed discovery issues between the parties.  Defendants noted RFG's objections to Interrogatory Nos. 4 & 5 on its discovery dispute matrix.  See RFG Exhibit 2. Defendants did not identify any objections regarding the sufficiency of RFG's answers to Defendants' First Set of Interrogatories on its discovery dispute matrix.  The Court conducted a discovery conference to address the issues disputed by the parties on September 1, 2022 and overruled RFG's objections to Nos. 4 & 5 among other rulings.

Thereafter, on September 30, 2022, RFG served Supplemental Answers to Defendants' Second Set of Interrogatories as ordered by the Court.   Therein, RFG fully answered Interrogatories Nos. 4 & 5 by describing and identifying the confidential information RFG misappropriated and is wrongfully utilizing.  RFG has therefore fully and adequately identified the confidential information identified  in the Complaint.

DATED this 20th day of January, 2023.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| RETZLAFF GRAIN COMPANY, INC. | ) | |
| D/B/A/ RFG LOGISTICS, INC., | ) | Case No. 8:20-cv-00289 |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S SUPPLEMENTAL AND** |
| | ) | **AMENDED ANSWERS AND** |
| JORDAN EGGLI, CHAD NEEDHAM, | ) | **OBJECTIONS TO DEFENDANTS' FIRST** |
| CRYSTAL KONECKY, ROBB KIGER, | ) | **SET OF INTERROGATORIES TO** |
| and NORAG LLC, | ) | **PLAINTIFF** |
|     Defendants. | ) | |

TO:    Defendants Jordan Eggli and Chad Needham, by and through their counsel of record.

      COMES NOW Plaintiff Retzlaff Grain Company, Inc. d/b/a RFG Logistics, Inc. ("Plaintiff" and/or "RFG"), by and through its counsel of record, and for its Supplemental and Amended Answers and Objections to Defendants' First Set of Interrogatories to Plaintiff, states as follows:

<u>**PRELIMINARY STATEMENT**</u>

      1.    <u>Right to Supplement</u>.  Investigation of facts relating to this action is still ongoing and Plaintiff reserves the right to supplement or amend these Answers if additional information is discovered.

      2.    Defendants have served more than twenty-five (25) Interrogatories including sub-parts.  This number of the Interrogatories far exceeds the number of Interrogatories permitted by Fed. R. Civ. Proc. 33(a)(1) without leave of Court to issue additional Interrogatories.  Plaintiff responds to this First Set of Interrogatories without waiving its numerosity objection pursuant to Federal Rule of Civil Procedure 33(a)(1) and does not consent to any additional interrogatories being served upon it.

1

3.      Plaintiff objects to the Interrogatories to the extent they seek information and documents that are protected from disclosure by the attorney-client or other legal privileges. Privileged information will not be disclosed.   In the event any attorney-client privileged communication or document is disclosed, such disclosure or production is purely inadvertent and not a knowing or intentional waiver of the attorney-client privilege.

4.      <u>Work Product Doctrine.</u>  Plaintiff objects to the Interrogatories to the extent they seek information or documents prepared in anticipation of litigation or for trial by Plaintiff or their representatives, and that contain the work product, mental impressions, conclusions, opinions, or legal theories of Plaintiff's legal counsel or other representatives.   Such information will not be disclosed or produced.   In the event any information or document protected by the work product doctrine is disclosed or produced, such disclosure or production is purely inadvertent and not a knowing or intentional waiver of such privilege.

## CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 4:**      Identify the Confidential Information, as defined in Paragraph 13 of your Complaint, and trade secrets that you assert Needham retained and utilized in order to solicit Customers and employees away from RFG or that benefitted NORAG.

**ANSWER:** Plaintiff objects as the Interrogatory as worded is vague, as there is no definition or identification of what Defendants interpret "trade secrets" to mean.   Utilizing the federal statutory definition identified in the Defend Trade Secrets Act, Plaintiff asserts that Needham improperly acquired and misappropriated Confidential Information (as defined in Paragraph 13 of Plaintiff's Complaint) and trade secret information from RFG.   While discovery remains ongoing and Plaintiff reserves the right to supplement this Answer in accordance with the

2

Federal Rules of Civil Procedure, Plaintiff has identified trade secrets and Confidential Information RFG asserts Needham retained and utilized. Due to the proprietary nature of the information, Plaintiff has included this information in a separate Exhibit "A" to Plaintiff's Answers to Interrogatories, which is designated as Attorneys' Eyes Only.

**SUPPLEMENTAL ANSWER:** In addition to the foregoing Answer to Interrogatory No. 4, Plaintiff states Needham retained and utilized RFG proprietary pricing rate information associated with specified lanes and customers which he regularly conducted business with while at RFG. Plaintiff further states Needham retained and utilized RFG employment benefits and compensation structure information in order to solicit employees away from RFG or that benefited NORAG.

**INTERROGATORY NO. 5:** Identify the Confidential Information, as defined in Paragraph 13 of your Complaint, and trade secrets that you assert Eggli retained and utilized in order to solicit Customers and employees away from RFG or that benefitted NORAG.

**ANSWER:** Plaintiff objects as the Interrogatory as worded is vague, as there is no definition or identification of what Defendants interpret "trade secrets" to mean. Utilizing the federal statutory definition identified in the Defend Trade Secrets Act, Plaintiff asserts that Eggli improperly acquired and misappropriated Confidential Information (as defined in Paragraph 13 of Plaintiff's Complaint) and trade secret information from RFG. While discovery remains ongoing and Plaintiff reserves the right to supplement this Answer in accordance with the Federal Rules of Civil Procedure, Plaintiff has identified trade secrets and Confidential Information RFG asserts Eggli retained and utilized. Due to the proprietary nature of the information, Plaintiff has included this information in a separate Exhibit "A" to Plaintiff's Answers to Interrogatories, which is designated as Attorneys' Eyes Only.

HB: 4836-7394-7341.2

**SUPPLEMENTAL ANSWER:**     In addition to the foregoing Answer to Interrogatory No. 5, Plaintiff states Eggli retained and utilized RFG proprietary pricing rate information associated with specified lanes and customers which he regularly conducted business with while at RFG.  Plaintiff further states Eggli retained and utilized RFG load list contacts he utilized on a daily basis while at RFG.

**INTERROGATORY NO. 7:**     By name(s), identify the customer(s) and employee(s) that Needham has attempted to solicit, divert, or take away from RFG and the date(s) upon which the alleged solicitation or diversion occurred.

**ANSWER:** While discovery remains ongoing and Plaintiff reserves the right to supplement its response, Plaintiff has identified the following RFG employees (current or former) who Needham has unjustifiably and intentionally solicited:  Jordan Eggli, Robb Kiger, Michael Burrus, and Mai Le.

With respect to customer(s) that Needham has attempted to solicit, divert, or take away, these include the following known to RFG:  MARS, Land O Lakes, Ardent Mills, Envirotech, Cargill.  With respect to particular dates of solicitation that are known at this time, Plaintiff refers pursuant to Federal Rule of Civil Procedure 33(d) communications which identify solicitation of business by Needham to be produced on a rolling basis which identify these customers.  Discovery is ongoing and RFG reserves the right to supplement this response.

**SUPPLEMENTAL ANSWER:**     In addition to the foregoing Answer to Interrogatory No. 7, Plaintiff states Needham has blatantly solicited Land O Lakes, Ardent Mills and Cargill consistently between July 12, 2018 and July 12, 2019, based upon the documentation produced by Defendants thus far showing communications by Needham with each of these respective customers to specifically obtain their business on behalf of NORAG.

HB: 4836-7394-7341.2

**INTERROGATORY NO. 12:**      State the principal and material facts in support of your claim that Defendants attempted to solicit both "Customers and RFG employees away from RFG within the one (1) year period following the date of their respective separation from RFG," as set forth in paragraph 102 of your Complaint.

**ANSWER:**  Plaintiff objects to this Interrogatory on the basis that it seeks information protected by the attorney-client privilege and attorney work product doctrine to disclose litigation strategy on what constitutes a "principal and material fact" in support of a known claim.  Without waiving this objection, Plaintiff asserts Defendants have both attempted through text message, phone calls and Trillian instant messenger chat sessions to solicit RFG employees previously identified away from the employ of RFG.  Defendants continuously disparage RFG as a business, as well as its senior management, to current RFG employees in an attempt to further solicit those employees away from the employ of RFG.  These actions occurred within and outside one year from the date each Defendant separated from RFG.

In addition to employees, Defendant Needham continued to solicit customers identified within his customer list notice provided in July 2018 almost immediately following his termination.  These solicitations are evident when reviewing documented communications with certain customers, including Ardent Mills and Land O Lakes, which are produced and referred to pursuant to Federal Rule of Civil Procedure 33(d).  Defendant Eggli has continued to solicit Taylor Transport LLC through contacts with Andy Taylor, as recently as June of 2020.

**SUPPLEMENTAL ANSWER:**      In addition to the foregoing Answer to Interrogatory No. 12, Plaintiff states Needham has blatantly solicited Land O Lakes, Ardent Mills and Cargill consistently between July 12, 2018 and July 12, 2019, based upon the documentation produced by Defendants thus far showing communications by Needham with each of these respective

5

customers to specifically obtain their business on behalf of NORAG.  As Defendants have not yet produced any documentation surrounding the remaining Defendants' communications with customers since their respective departures from RFG, this Interrogatory will continue to be supplemented as discovery progresses.     With respect to employee communications, Trillian chat histories and text messages are being produced that show Michael Burrus and Mai Le have been solicited by Defendants Needham and Eggli to leave RFG employment.  The attempts to recruit these two employees specifically, as well as attempts to recruit Robb Kiger, were done within the one year period and thereafter by Needham.  Eggli, being well within one year following his resignation, has attempted to recruit Mai Le to leave the employ of RFG.

**INTERROGATORY NO. 13:**     State the principal and material facts in support of your claim that Defendants misappropriated trade secrets in violation of the Defend Trade Secrets Act.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that it seeks information protected by the attorney-client privilege and attorney work product doctrine to disclose litigation strategy on what constitutes a "principal and material fact" in support of a known claim.  Without waiving this objection, Plaintiff refers Defendants to Answer to Interrogatory Nos. 4 and 5, together with Exhibit "A," incorporated by reference herein.

**SUPPLEMENTAL ANSWER:**     In addition to the foregoing Answer to Interrogatory No. 13, Plaintiff states Needham has blatantly solicited Land O Lakes, Ardent Mills and Cargill consistently between July 12, 2018 and July 12, 2019, while utilizing confidential and trade secret pricing information and knowledge of lanes obtained during his employment at RFG, based upon the documentation produced by Defendants thus far showing communications by Needham with each of these respective customers to specifically obtain their business on behalf of NORAG.  As

HB: 4836-7394-7341.2

Defendants have not yet produced any documentation surrounding the remaining Defendants' communications with customers since their respective departures from RFG, this Interrogatory will continue to be supplemented as discovery progresses. With respect to employee communications, Trillian chat histories and text messages are being produced that show Defendants Needham and Eggli have utilized confidential and trade secret employment information in order to solicit Michael Burrus and Mai Le to leave RFG employment.

**INTERROGATORY NO. 14:**    State the principal and material facts in support of your claim that one or both of Defendants have used RFG's "Confidential Information and trade secrets to solicit business, bookings, employees, and have utilized detailed customer information to benefit NORAG," as set forth in paragraph 86 of your Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that it seeks information protected by the attorney-client privilege and attorney work product doctrine to disclose litigation strategy on what constitutes a "principal and material fact" in support of a known claim. Without waiving this objection, Plaintiff refers Defendants to Answer to Interrogatory Nos. 4 and 5, together with Exhibit "A," incorporated by reference herein.

**SUPPLEMENTAL ANSWER:**    In addition to the foregoing Answer to Interrogatory No. 14, Plaintiff states Needham has blatantly solicited Land O Lakes, Ardent Mills and Cargill consistently between July 12, 2018 and July 12, 2019, while utilizing confidential and trade secret pricing information and knowledge of lanes obtained during his employment at RFG, based upon the documentation produced by Defendants thus far showing communications by Needham with each of these respective customers to specifically obtain their business on behalf of NORAG. As Defendants have not yet produced any documentation surrounding the remaining Defendants' communications with customers since their respective departures from RFG, this Interrogatory

7

will continue to be supplemented as discovery progresses. With respect to employee communications, Trillian chat histories and text messages are being produced that show Defendants Needham and Eggli have utilized confidential and trade secret employment information in order to solicit Michael Burrus and Mai Le to leave RFG employment.

**INTERROGATORY NO. 16:**        Identify each overt act that you claim Defendants committed in furtherance of the alleged civil conspiracy set forth in Count VIII of your Complaint.

**ANSWER:** Plaintiff objects as the Interrogatory is vague as to the meaning of "overt act." Plaintiff further objects to this Interrogatory on the basis that it seeks information protected by the attorney work product doctrine and attorney-client privilege. Without waiving those objections, Plaintiff states on the date of Needham's termination, Defendant Eggli e-mailed to a personal e-mail account his entire load list that includes proprietary and trade secret contact information that holds independent economic value to Plaintiff. In addition, Eggli was seeking alternative employment with NORAG through Needham directly for a period of time prior to his resignation on February 21, 2020. It is believed Needham was soliciting Confidential Information and trade secrets through Eggli for a significant period of time. Discovery remains ongoing and Plaintiff reserves the right to supplement its response.

**AMENDED ANSWER:**        Plaintiff objects to this Interrogatory on the basis that it seeks information protected by the attorney work product doctrine and attorney-client privilege. Without waiving those objections, Plaintiff states on the date of Needham's termination, Defendant Eggli e-mailed to a personal e-mail account his entire load list that includes proprietary and trade secret contact information that holds independent economic value to Plaintiff. In addition, Eggli was seeking alternative employment with NORAG through Needham directly for a period of time prior to his resignation on February 21, 2020. It is believed Needham was soliciting Confidential

8

Information and trade secrets through Eggli for a significant period of time.  Discovery remains ongoing and Plaintiff reserves the right to supplement its response.  Each and every single act taken in furtherance of the conspiracy between Needham and Eggli has not yet been discovered, but what is known thus far has been disclosed.  Consistent with RFG's discovery obligations, this Interrogatory response will be supplemented in accordance with the Federal Rules of Civil Procedure and any progression order filed in this case.

**INTERROGATORY NO. 21:**     Identify all damages which you allege that you have sustained as a consequence of Defendants' acts or omissions.

**ANSWER:**  Plaintiff objects as this Interrogatory is premature as discovery remains ongoing and the full extent of Defendants' unlawful acts are still being reviewed and discovered. Further, Plaintiff objects as the Interrogatory is vague with respect to the Defendants' "acts or omissions" and is overbroad as there is no temporal limitation on the Interrogatories.  Plaintiff incorporates by reference its Answer to Interrogatory No. 8, as though fully set forth herein, and further reserves the right to supplement this Interrogatory as discovery progresses.

**AMENDED ANSWER:**     Plaintiff objects as this Interrogatory is premature as discovery remains ongoing and the full extent of Defendants' unlawful acts are still being reviewed and discovered.  Plaintiff incorporates by reference its Answer to Interrogatory No. 8, as though fully set forth herein, and further reserves the right to supplement this Interrogatory as discovery progresses.

**INTERROGATORY NO. 22:**     Identify all communications which you have had with any of the clients that Defendants serviced while in your employ from the date of their respective departures to the date of your response that concern the Defendants.

**ANSWER:**   Plaintiff objects as this Interrogatory is premature as discovery remains ongoing and the full extent of Defendants' unlawful acts are still being reviewed.  Further, Plaintiff objects as the Interrogatory is vague with respect to the phrase "that concern the Defendants." Finally, Plaintiff objects on the basis this Interrogatory is unduly burdensome and overbroad by requesting "all communications" with "any of the clients that Defendants serviced."  Without waiving these objections, Plaintiff will produce on a rolling basis those communications between RFG and the top ten customers identified on Needham and Eggli's correspondence which identify, mention or discuss either of the Defendants.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff refers Defendants to those communications to be contained within its document production and further reserves the right to supplement this response and its productions as discovery progresses.

**SUPPLEMENTAL ANSWER:**      In addition to the foregoing Answer to Interrogatory No. 22, Plaintiff states that it has communicated with the following customers, who have acknowledged they have been solicited to do business with the Individual Defendants within the one year period following the Individual Defendants' respective departure from RFG:  Land O Lakes, Taylor Transport LLC, Church & Dwight.

Dated this 9th day of October 2020.

<div style="margin-left: 40%;">

RETZLAFF GRAIN COMPANY, INC. D/B/A RFG LOGISTICS, INC., Plaintiff

By:   /s/ Ryann A. Glenn
      Marnie A. Jensen (#22380)
      Ryann A. Glenn (#26160)
      Jennifer L. Sturm (#26539)
      HUSCH BLACKWELL LLP
      13330 California St., Ste. 200
      Omaha, NE  68154
      Telephone: (402) 964-5000
      Facsimile:  (402) 964-5050

</div>

10

marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
jennifer.sturm@huschblackwell.com

*Attorneys for Retzlaff Grain Company, Inc. d/b/a RFG Logistics, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 9th day of October 2020, the foregoing

was sent electronically, to the following counsel of record for the Defendants:

Joshua C. Dickinson
Shilee T. Mullin
Spencer Fane LLP
13520 California Street, Suite 290
Omaha, NE 68154
jdickinson@spencerfane.com
smullin@spencerfane.com

*/s/ Ryann A. Glenn*

11

Moving Party:   Defendants

**Retzlaff Grain Company, Inc. v. Eggli et al., Case 8:20-cv-00289-RFR-MDN**

To assist the Court in more efficiently addressing the parties' discovery dispute(s), the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is to succinctly state each party's position and the last compromise offered when the parties met and conferred. The fully completed chart shall be e-mailed to chambers of the assigned magistrate judge.

The moving party is:  Defendants Eggli, Needham, Konecky, Kiger, and NORAG, LLC ("NORAG") (jointly "Defendants")

The responding party is:  Plaintiff Retzlaff Grain Company, Inc ("RFG")

**Note:**  If discovery from both parties is at issue, provide a separate sheet for each moving party.

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **Defendants' 2nd set of RFP** | | | | | | |
| 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 | Plaintiff has indicated requested documents will be produced on a rolling basis. The parties do not dispute relevance. | Advise when the production will begin and provide a date by which Plaintiff will complete its production. (June 10, 2021) | Responsive documents will be produced on a rolling basis until completed. | Plaintiff has represented for well over a year that it will produce documents on a rolling basis. To date, the documents have not been produced. A deadline should be imposed. | Responsive documents will be produced on a rolling basis until completed. Plaintiff produced documents in partial response to these Requests on June 24, 2022, July 26, 2022, August 25, 2022 and August 30, 2022, and anticipates completion by September 30, 2022. | |

Moving Party:   Defendants

| | | | | | |
|---|---|---|---|---|---|
| **Defendants' 2nd set of interrogatories** | | | | Counsel answered some interrogatories in a June 15, 2022 letter. Those should be answered as required by the rules with a signed verification page. | Plaintiff will provide a verification page within ten (10) days. |
| 4 & 5 | This is relevant to Plaintiff's trade secret claims, breach of contract claims, breach of loyalty claims, conspiracy claims, and aiding and abetting claims. | Clarified "Confidential Information" was intended to mean the definition provided in paragraph 29 of the Second Amended Complaint. Plaintiff must respond substantively or confirm it is unaware of any confidential information which was retained and utilized by Konecky and Kiger. | "Confidential Information" wrongfully utilized and disclosed by Defendants Konecky and Kiger generally included customer information, carrier information, rates, contact information and lane information, as more specifically described on Exhibit A produced with Plaintiff's initial Interrogatory Answers. | Plaintiff stated what the Confidential Information "generally included." Plaintiff is required to identify the Confidential Information. | The answer speaks for itself and is more specifically defined on Exhibit A. Furthermore, Plaintiff objected to Defendants' Second Set of Interrogatories on the grounds that Defendants have exceeded the numerical interrogatory limit, but agreed to answer to the same extent Plaintiff answered with respect to the other Defendants, which Plaintiff has done. |
| 6 | This is relevant to Plaintiff's breach of contract claim. | This Interrogatory requests the name of any customer or employee that Kiger attempted to solicit from RFG. Plaintiff did not respond substantively and instead stated that "discovery is ongoing." Please confirm that, at this time, Plaintiff is unaware of | Defendant Kiger attempted to solicit each of the ten customers designated by Plaintiff on the letter to Kiger dated September 4, 2019. Kiger solicited and/or aided NORAG's | Plaintiff did not completely answer the interrogatory. Plaintiff has not provided the date(s) upon which the alleged solicitation or diversion occurred. | Plaintiff objected to Defendants' Second Set of Interrogatories on the grounds that Defendants have exceeded the numerical interrogatory limit, but agreed to answer to the same extent |

2

KC 19184527.1

Moving Party:   Defendants

| | | any attempt to solicit any employee or customer from RFG by Kiger, or promptly supplement. | solicitation of Jordan Eggli and Crystal Konecky. | | Plaintiff answered with respect to the other Defendants, which Plaintiff has done. | |
|---|---|---|---|---|---|---|
| 7 | This is relevant to causation and damages elements of Plaintiff's claims. | This Interrogatory requests the name of any RFG employee who conducted business with any of the ten applicable customers. You object to this interrogatory on the basis that the term "conduct[] business" is vague. Courts have consistently held that the "over-technical reading of specific terms in an attempt to evade the need to respond" is impermissible. *Vermeer Mfg. Co. v. Toro Co.*, No. 417CV00076 CRWHCA, 2020 WL 8257205, at *6 (S.D. Iowa Apr. 20, 2020). Here, "even if the term ["conduct business"] could be considered vague in certain circumstances, it is not vague when used between these parties nor in the context of these requests," because both parties are well-aware of what business RFG conducts. Please confirm no employee conducted any business with the clients or promptly supplement your answer to | Defendant Kiger attempted to solicit each of the ten customers designated by Plaintiff on the letter to Kiger dated September 4, 2019. Defendant Needham, Defendant Eggli, Defendant Konecky and Defendant NORG solicited or aided in the solicitation of the ten customers designated by Plaintiff on the letter to Kiger dated September 4, 2019. | Plaintiff's answer does not answer the interrogatory. | Plaintiff objected to Defendants' Second Set of Interrogatories on the grounds that Defendants have exceeded the numerical interrogatory limit, but agreed to answer to the same extent Plaintiff answered with respect to the other Defendants, which Plaintiff has done. | |

3

Moving Party:   <u>Defendants</u>

| | | this Interrogatory with the name of each RFG employee. | | | | |
|---|---|---|---|---|---|---|
| 8 | This relevant to Plaintiff's tortious interference claim. | This interrogatory asks Plaintiff to identify the existing and prospective business relationships that you assert Kiger, Konecky, or NORAG have intentionally and unjustifiably interfered with. Plaintiff's only substantive response to this Interrogatory is that "Plaintiff refers to and incorporates herein its Supplemental Answer to First Interrogatory No. 12." The response to Interrogatory No. 12 is not in any way responsive to this request, rather it only responds with respect to Defendants Needham and Eggli. Please confirm that you are not able to identify any existing or prospective business relations that Kiger, Konecky, or NORAG interfered with. | Defendants Kiger, Konecky and NORAG interfered with the relationship Plaintiff establish with each of the clients identified on the lists provided to Defendants Needham, Eggli and Kiger. | This answer should be provided in a sworn interrogatory response. | Plaintiff will serve a sworn interrogatory response within ten (10) days. | |
| 9 | This is relevant to Plaintiff's trade secret claims, breach of loyalty claims, and breach of contract claims. | This Interrogatory requests all material facts in support of Plaintiff's solicitation claim. Plaintiff did not offer a substantive response to this Interrogatory, instead simply stating that "discovery is ongoing." | Defendants Kiger and Konecky solicited and or conducted business with customers identified in the lists provided to Defendants Needham, Eggli and Kiger, as confirmed | Plaintiff did not completely answer the interrogatory. | Plaintiff objected to Defendants' Second Set of Interrogatories on the grounds that Defendants have exceeded the numerical interrogatory limit, but | |

4

Moving Party: ___Defendants___

| | | | | | |
|---|---|---|---|---|---|
| | | Please either confirm that there are no material facts which support Plaintiff's solicitation claim at this time, or promptly supplement the response with the appropriate information. | by customers and electronic messages. Defendants were in possession of Confidential Information utilized for the purposes of soliciting Plaintiff's customers. | | agreed to answer to the same extent Plaintiff answered with respect to the other Defendants, which Plaintiff has done. |
| 10 | This is relevant to each of Plaintiff's claims against NORAG. | Defendants Kiger, Konecky, and NORAG did not exceed 25 interrogatories. | Plaintiff stands on excess interrogatory objection. | Defendants Kiger, Konecky, and NORAG did not exceed 25 interrogatories. | Plaintiff objected to Defendants' Second Set of Interrogatories on the grounds that Defendants have exceeded the numerical interrogatory limit, but agreed to answer to the same extent Plaintiff answered with respect to the other Defendants, which Plaintiff has done. |
| 11 | This is relevant to Plaintiff's trade secrets claims against NORAG. | Defendants Kiger, Konecky, and NORAG did not exceed 25 interrogatories. | Plaintiff stands on excess interrogatory objection. | Defendants Kiger, Konecky, and NORAG did not exceed 25 interrogatories. | This Interrogatory exceeded the scope of Defendants' First Set of Interrogatories |
| 12 | This relevant to Plaintiff's tortious interference claim. | This Interrogatory requests that Plaintiff state the material facts in support of its tortious interference claim against Konecky, Kiger, and NORAG. Plaintiff did not offer a substantive response to this Interrogatory, instead simply stating that "discovery is ongoing." | Defendants Konecky, Kiger, and NORAG interfering with Plaintiff's business relationships with customers identified on customer lists provided to Defendants Needham, Eggli and Kiger by soliciting and conducting business in | Plaintiff did not completely answer the interrogatory. Plaintiff's general answer lacks sufficient specificity and merely reasserts allegations. | Plaintiff objected to Defendants' Second Set of Interrogatories on the grounds that Defendants have exceeded the numerical interrogatory limit, but agreed to answer to the same extent Plaintiff answered |

KC 19184527.1

Moving Party:   Defendants

| | | | | | |
|---|---|---|---|---|---|
| | | Please either confirm that that, at this time, there are no material facts which support Plaintiff's tortious interference claim against Konecky, Kiger, and NORAG, or promptly supplement. | violation of covenants not to compete and by utilizing Confidential Information belonging to Plaintiff. | | with respect to the other Defendants, which Plaintiff has done. | |
| 13 | This is relevant to Plaintiff's conspiracy claim. | This Interrogatory requests that Plaintiff identify each overt act committed by Konecky, Kiger, or NORAG in furtherance of its civil conspiracy claim. Plaintiff did not offer a substantive response to this Interrogatory, instead simply stating that "discovery is ongoing." Please either confirm that, at this time, Plaintiff is unaware of any overt act performed by Konecky, Kiger, or NORAG in furtherance of the alleged civil conspiracy, or promptly supplement. | Defendants Konecky, Kiger, and NORAG conspired with Defendants Needham and Eggli to solicit and conduct business in violation of covenants not to compete and by utilizing Confidential Information belonging to Plaintiff. | Plaintiff did not completely answer the interrogatory, your general answer lacks sufficient specificity and merely reasserts allegations. | Plaintiff objected to Defendants' Second Set of Interrogatories on the grounds that Defendants have exceeded the numerical interrogatory limit, but agreed to answer to the same extent Plaintiff answered with respect to the other Defendants, which Plaintiff has done. | |
| 14 | This relevant to damages for Plaintiff's claims. | This Interrogatory requests that Plaintiff identify each customer it claims to have lost as a result of Konecky, Kiger, and NORAG. Plaintiff did not offer a substantive response to this Interrogatory, instead simply stating that "discovery is ongoing." Please either confirm that, | Defendants will produce information establish lost revenue for each of the clients listed in client lists provided to Needham, Eggli, and Kiger. | Plaintiff indicated it will produce information to establish lost revenue for each of the clients listed in client lists provided to Needham, Eggli, and Kiger and damages. To date, Plaintiff has not produced that information. | Plaintiff cannot more fully respond to this Interrogatory answer at this time because the extent of its loss is still unknown. Discovery is ongoing and Plaintiff is still determining the extent of its damages. Plaintiff produced | |

6

KC 19184527.1

Moving Party:   Defendants

| | | | | | |
|---|---|---|---|---|---|
| | | at this time, you are unaware of any customer lost as a result of Konecky, Kiger, or NORAG, or promptly supplement. | | | updated revenue data in June and will provide loss data and supporting information when full scope of loss is known. | |
| 15 | This is relevant to damages. | This Interrogatory requests that you identify all damages which you have sustained as a result of Konecky, Kiger, or NORAG's actions. You do not offer a substantive response to this Interrogatory, instead simply stating that "discovery is ongoing." Please either confirm that, at this time, you are not aware of any damages caused by Konecky, Kiger, or NORAG's actions, or promptly supplement your response with the appropriate information. | Defendants will produce information establish lost revenue for each of the clients listed in client lists provided to Needham, Eggli, and Kiger. | Plaintiff indicated it will produce information to establish lost revenue for each of the clients listed in client lists provided to Needham, Eggli, and Kiger and damages. To date, Plaintiff has not produced that information. | Plaintiff cannot more fully respond to this Interrogatory answer at this time because the extent of its loss is still unknown. Discovery is ongoing and Plaintiff is still determining the extent of its damages. Plaintiff produced updated revenue data in June and will provide loss data and supporting information when full scope of loss is known. | |
| 16 | This is relevant to Plaintiff's claims for tortious interference, breach of contract, breach of loyalty. | This Interrogatory requests that Plaintiff identify all communications which it have had with any of Kiger's former clients. Plaintiff did not offer a substantive response to this Interrogatory, instead simply stating that "discovery is ongoing." Please either confirm that, at this time, RFG has not | Plaintiff stands on excess interrogatory objection | Defendants Kiger, Konecky, and NORAG did not exceed 25 interrogatories. | This Interrogatory exceeded the scope of Defendants' First Set of Interrogatories | |

KC 19184527.1

Moving Party: ___Defendants___

| | | | | | |
|---|---|---|---|---|---|
| | | had any communications with Kiger's former clients, or promptly supplement. | | | |
| 17 | This is relevant to Plaintiff's claims for breach of loyalty. | This Interrogatory requests that Plaintiff identify all acts performed by Kiger or Konecky which it alleges constituted breaches of loyalty. Plaintiff did not offer a substantive response to this Interrogatory, instead simply stating that "discovery is ongoing." Please either confirm that, at this time, Plaintiff is unaware of any actions performed by Kiger or Konecky which constitute breaches of the duty of loyalty, or promptly supplement. | Kiger and Konecky aided and abetted Defendants Needham and NORAG by supplying information regarding customers, carriers, and employees of Plaintiff, while still employed by Plaintiff. Konecky also breached her duty of loyalty by retaining access to the Google Drive and provided access to the other Defendants. | Plaintiff did not completely answer the interrogatory. Plaintiff's general answer regarding Kiger and Konecky supplying information regarding customers, carriers, and employees of Plaintiff, while still employed by Plaintiff merely reasserts its allegations. | Plaintiff objected to Defendants' Second Set of Interrogatories on the grounds that Defendants have exceeded the numerical interrogatory limit, but agreed to answer to the same extent Plaintiff answered with respect to the other Defendants, which Plaintiff has done. |
| 18 | This is relevant to Plaintiff's trade secret claims. | Plaintiff's only substantive response to this Interrogatory is that "Plaintiff refers to and incorporates herein its Answer to First Interrogatory No. 24." Please confirm that Plaintiff cannot identify any trade secret documents that it claims Kiger and Konecky misappropriated. | Kiger and Konecky misappropriated the trade secrets identified in Plaintiff's Answer to Interrogatory No. 18. Additionally, Konecky misappropriated the Google Drive and information contained therein. | This answer should be provided in a sworn interrogatory response. | Plaintiff will serve a sworn interrogatory response within ten (10) days. |

Counsel for Plaintiff:        ___Michael Degan___

Counsel for Defendant:        ___Joshua Dickinson, Madison Perry___

Date:  August 31, 2022.

8

KC 19184527.1