IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RETZLAFF GRAIN COMPANY, INC., d/b/a RFG LOGISTICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JORDAN EGGLI, CHAD NEEDHAM, CRYSTAL KONECKY, ROBB KIGER, and NORAG LLC, <br><br> Defendants. | 8:20CV289 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the parties' respective motions in limine (Filing No. 256; Filing No. 257). Each motion will be addressed in turn below.

1. **Defendants' Motion in Limine**

Defendants seek the exclusion of (1) evidence and argument regarding Defendant Chad Needham's termination from Plaintiff being for cause and the allegations of sexual harassment against him; (2) evidence and argument regarding damage to Plaintiff caused by Defendant Crystal Konecky that was not disclosed during discovery; (3) evidence and argument regarding damages for unjust enrichment; (4) evidence and argument regarding Defendant NORAG LLC's acquisition of M7 Logistics, Inc.; and (5) documents not produced during discovery. For the reasons explained below, Defendants' motion will be granted, in part.

### A. Chad Needham

As to evidence pertaining to Chad Needham's ("Needham") termination and allegations of sexual harassment, the Court finds that testimony and evidence that Needham was being investigated and was terminated for violating workplace policy is relevant to whether Needham had a motive for his alleged actions because he was on notice that he was in danger of being terminated. However, the reason for the investigation, *i.e..*, claims of sexual harassment, is unfairly prejudicial and references to such evidence will be excluded.[1] The probative value of evidence that Needham had been accused of, and specifically investigated for, sexual harassment, is substantially outweighed by a danger of unfair prejudice, juror confusion, misleading the jury, and overall wasting time. *See* Fed. R. Evid. 403 (stating that relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"). Admitting evidence pertaining to the exact nature of the investigation would not only unfairly prejudice Needham's character and credibility, but it could also result in a mini-trial on the issue of whether Needham sexually harassed anyone—which is not relevant to the claims in this suit and could only serve to confuse and distract the jury from the actual issues in this case. Therefore, evidence that Needham was being investigated for violating workplace policy and was ultimately terminated will be admissible, but references to sexual harassment allegations will not.

### B. Crystal Konecky

Defendants next claim the Court should exclude evidence of damages Plaintiff claims it incurred due to Crystal Konecky's ("Konecky") alleged wrongful conduct. Defendants assert this relief is warranted because Plaintiff did not produce a damage calculation for Konecky during discovery required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii), and that no witness has calculated any damages resulting from Konecky's alleged conduct. Plaintiff maintains Defendants' motion is premature and that whether (and to what extent) Plaintiff is

---

[1] This is not to say, however, that this evidence will not be allowed if trial testimony causes the allegations of sexual harassment to become relevant.

2

entitled to judgment against Konecky must be made by the jury based on the evidence presented at trial. The Court agrees.

Plaintiff is not claiming there is a separate amount of damages specifically attributable to Konecky—rather, Plaintiff alleges it suffered damages from the alleged collective wrongdoing by Defendants. As part of its theory of the case, Plaintiff argues that after Konecky left its employment to join NORAG, she continued to access Plaintiff's confidential information and granted access rights to NORAG employees. Also, to the extent Defendants dispute the experts' damage calculation, this issue can be explored through cross-examination at trial. Therefore, Defendant's request to exclude this evidence will be denied.

### C.     Damages for Unjust Enrichment

Defendants maintain evidence and argument regarding damages for unjust enrichment should be excluded because Plaintiff did not provide any damage calculation for this claim during discovery. Defendants assert that Plaintiff only produced a host of numbers, but it is unclear what numbers and what computation Plaintiff plans to use to calculate the amount it is seeking for unjust gain. Defendants' issues regarding calculation of damages can be addressed at trial by questioning Plaintiff's expert witness.

Plaintiff appears to concede that some evidence pertaining to unjust enrichment was not disclosed during discovery. Plaintiff claims the reason for this is because Defendants did not disclose the data demonstrating the supposed ill-gotten gains until after discovery had closed. Plaintiff also contends it used the evidence Defendants now seek to exclude in its opposition to Defendants' motion for summary judgment, and Defendants did not object to its use at that time. In response, Defendants argue that Plaintiff did not request the data during the written discovery period, but first requested the data in a Rule 30(b)(6) notice—which was timely responded to. Defendants have apparently been aware of the evidence it now seeks to exclude for quite some time. Given this, admitting it would not be unfairly prejudicial. Further, as stated above, questions regarding the damage calculation can be taken up at trial.

D.   M7 Logistics, Inc.

Defendants claim evidence and argument regarding NORAG's acquisition of M7 Logistics, Inc. should be excluded because Plaintiff never disclosed any alleged damages related to NORAG's acquisition of M7. This argument misses the point. Evidence and argument regarding NORAG's acquisition of M7 speaks to motive and opportunity. As the Court noted in its Memorandum and Order on Defendants' Motion for Summary Judgment (Filing No. 241), the timing of NORAG's merger with M7 is curious. This fact is relevant in deciding the issues in this case. See Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

E.   Documents Not Produced During Discovery

Defendants argue that evidence and documents not produced during discovery are inadmissible, citing Federal Rule of Civil Procedure 37(c)(1). Pursuant to Rule 37(c)(1), if a party fails to provide information as required by Federal Rule of Civil Procedure 26(a) or (e), the party is not allowed to use that information at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37. Defendants explain that no specific exhibits were mentioned in their motion in limine because Defendants did not have Plaintiff's complete exhibit list at that point. In their reply brief—submitted after the competition of Plaintiff's entire exhibit list— Defendants claim that, at the very least, Exhibit Nos. 105, 106, and 107 should be excluded for untimely production. (Filing No. 277.)

To the clear - any evidence not produced during discovery will not be admissible at trial unless Plaintiff can show a legitimate reason why it did not, or could not, produce it earlier. Obviously, this means that if the reason the information was not produced sooner was beyond Plaintiff's control, it will be allowed. As to the information Plaintiff recently produced on the spreadsheet purporting to bring the damage calculation up to date, this information will be admissible because it can be expected that information pertaining to damages will be brought current before trial—as is standard practice. The Court anticipated, and acknowledged this, in its Memorandum and Order pertaining to Defendants' motion to exclude the expert opinions of

Janet Labenz: "Defendants also argue Lanenz's opinion incorrectly assumes an anticipated trial date of December 31, 2024—and therefore contains inflated damages. Plaintiff represents that Labenz will revise her report for trial to reflect her gross profit loss calculation as of the trial date." (Filing No. 240.) Nevertheless, if the spreadsheet contains new information of such a character that it was entirely unknown to Defendants, it will be excluded. A ruling on this issue, should it come up, will be made at the time of trial.

As to Exhibit Nos. 105, 106, and 107, Plaintiff contends this information was not produced during discovery because it did not believe the exhibits were relevant. According to Plaintiff, it was unaware, until later, that customer contact was going to be a disputed issue in this case. Plaintiff used this evidence in its opposition to Defendants' motion for summary judgment, but the Court did not consider it in ruling on its motion (Filing No. 241), and indicated that if the documents were not produced during discovery, it was doubtful that the evidence would be admissible at trial. However, based on Plaintiff's explanation for the non-production, and Defendants' apparent belief that additional discovery was not needed based on these additional exhibits—as no request to do so was made—the Court does not believe allowing this evidence would unduly prejudice Defendants and will allow it to be used at trial.

**2. Plaintiff's Motion in Limine**

Plaintiff seeks an order limiting the scope of evidence to be produced at trial by Defendants and directing Defendants, Defendants' counsel, and any of Defendants' witnesses from making any mention, reference, discussion, testimony, questions or argument related to a previously-litigated matter in this Court, specifically, a case styled *West Plains, LLC v. Retzlaff Grain Co., Inc.*, Case No. 8:13CV47 (D. Neb. 2013) (the "CT Freight Litigation"), without first obtaining a ruling from the Court (outside the presence of the jury) regarding the admissibility of such matters. Defendants do not oppose this request, with the understanding that (1) the same restrictions are placed on Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses; and (2) the same restrictions apply to testimony or evidence related to any of Defendants' other litigation. The Court finds this exchange acceptable. Therefore, Plaintiff's Motion in Limine (Filing No. 257) will be granted with this understanding.

Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion in Limine ([Filing No. 256](Filing No. 256)) is granted, in part.

2. Plaintiff's Motion in Limine ([Filing No. 257](Filing No. 257)) is granted, as provided for above.

Dated this 14th day of March, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge